IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 MAY 20 P 2

CLERK
SO. DIST. OF GA.

MICHAEL SMITH,

Petitioner,

v.      CIVIL ACTION NO.: CV213-024

GLEN JOHNSON, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Smith ("Smith"), who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions obtained in the Camden County Superior Court. Respondent filed a Motion to Dismiss. Smith filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Smith was convicted on October 31, 1997, in the Camden County Superior Court after he pled guilty to armed robbery, kidnapping, driving under the influence, driving with a suspended license, fleeing and attempting to elude, and reckless driving. Smith was sentenced to life without parole. Smith's convictions and sentence were affirmed on January 10, 2000. Smith v. State, 241 Ga. App. 770, 527 S.E.2d 608 (2000).

Smith filed his first state habeas corpus petition on January 8, 2001, and that petition was denied on June 27, 2003. Smith did not file an application for certificate of probable cause to appeal. (Doc. No. 7-1, p. 31).

Smith filed a second habeas corpus petition in state court on April 20, 2007. (Doc. No. 7-1, p. 26). Smith's second state habeas petition was dismissed as successive on January 19, 2010. (Id. at pp. 30-33). There is nothing of record indicating Smith filed an application for certificate of probable cause to appeal the dismissal of his second state habeas corpus petition.

Smith filed a third state habeas corpus petition on March 2, 2012 (Doc. No. 7-2), and Smith's third petition was dismissed as being untimely filed and successive by order dated June 21, 2012. (Doc. No. 7-3, p. 7). Smith filed a certificate of probable cause to appeal. (Doc. No. 7-4). Smith's application was dismissed on March 18, 2013. (Doc. No. 7-5).

Smith filed his § 2254 petition on February 15, 2013. Respondent asserts that Smith's petition should be dismissed, as it was not timely filed.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of—

    (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

    (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

>>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Smith's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Smith was convicted in the Camden County Superior Court on October 31, 1997, and he filed a direct appeal. The Georgia Court Appeals affirmed Smith's convictions and sentence by order dated January 10, 2000. Smith had a period of ten (10) days to file a motion for reconsideration or a notice of intent to apply for certiorari with the Georgia Supreme Court. GA. CT. APP. R. 37(b), 38(a)(1).; GA. SUPR. CT. R. 38(1). Smith failed to file either of these motions, and his conviction became final on January 20, 2000. Because Smith's conviction became final on January 20, 2000, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be

3

mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Smith' conviction became final on January 20, 2000, and he filed his first state habeas corpus petition on January 8, 2001. Smith's timely filing of his first state habeas corpus petition tolled the statute of limitations period. By that time, 354 days of the statute of limitations period applicable to section 2254 petitions had expired. Smith's first state habeas petition was denied on June 27, 2003. Smith had a period of thirty (30) days to file a notice of appeal or an application for certificate of probable cause to appeal, which he failed to do. O.C.G.A. §§ 5-6-36 and 38(a). The limitations period applicable to filing a timely section 2254 petition began running once again on July 27, 2003. To be considered timely, then, Smith would have had to file a § 2254 petition on or before August 7, 2003. Instead, Smith filed nothing until April 20, 2007, when he filed his second state habeas corpus petition. By that time, there was nothing properly filed in the state courts which tolled the applicable federal statute of limitations period.[1]

---

[1] The undersigned notes that Smith wishes for either § 2244(d)(1)(B) or § 2244(d)(1)(D) to provide the triggering event for his statute of limitations period. Any proffered argument in this regard must fail. Smith fails to assert that an actual State-created impediment prevented him from filing his section 2254 petition timely or that he could not have presented his claims earlier but for the exercise of due diligence to discover the factual predicate to his claims. To the contrary, Smith has been able to file several state habeas corpus petition since his conviction became final; thus, he fails to show that his efforts have been "hindered by Respondent and his counsel" as generally alleged in this petition. (Doc. No. 1, p. 9). In addition, the constitutional grounds Smith presents were known to him at the time he filed his first habeas corpus petition, at the latest. Section 2244(d)(1)(A) provides the proper event triggering the applicable statute of limitations period.

Having determined that statutory tolling is not available to Smith, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Smith has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. While Smith points to his state court filings as evidence that he has been pursuing his rights diligently, any allegation that Smith is entitled to equitable tolling because he exercised due diligence must fail. Smith states that the extraordinary circumstances preventing him from filing a § 2254 petition previously are his education and his "unschooling arts in law[.]" (Doc. No. 8, p. 2). The Eleventh Circuit Court of Appeals has expressly rejected the lack of legal education as an extraordinary circumstance excusing a petitioner's failure to file a timely § 2254 petition. DeLeon v. Fla. Dep't of Corr., 470 F. App'x 732, 734 (11th Cir. 2012) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)). Smith fails to

AO 72A
(Rev. 8/82)

show that any circumstance—extraordinary or otherwise—prevented him from pursuing his claims earlier than he did.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Smith's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 20th day of May, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)